IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

Alex Galluzzo,

Plaintiff

    vs.                                    Case No. 3:15-cv-01261-DRH-PMF

URS Energy & Construction International, Inc.,

Defendant.

### ORDER

**HERNDON, District Judge:**

### I.    INTRODUCTION

This matter is before the Court on the defendant URS Energy & Construction International, Inc.'s ("URS")[1] partial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 12). URS contends that plaintiff Alex Galluzzo ("Galluzzo") has failed to state a cause of action in count II of his complaint against URS. (Doc. 12). Galluzzo has filed an opposing response. (Doc. 17). For the reasons discussed herein the motion is **DENIED.**

### II.    BACKGROUND

Galluzzo filed a Complaint in the Circuit Court of Madison County, Illinois on October 5, 2015, alleging retaliatory discharge for filing a workers' compensation claim; and defamation. (Doc. 9 ¶ 2). On November 19, 2015, URS

---

[1] In its motion to dismiss, URS states it was misnamed in the complaint as URS Energy & Construction International, Inc. URS identifies itself as URS Energy & Construction, Inc.

removed the action to this Court based on diversity of citizenship. URS now moves to dismiss Galluzzo's defamation claim (Count II). (Doc. 9 ¶ 5). URS contends count II should be dismissed, because the statute of limitations has run. (Doc. 12 ¶ 2). Alternatively, URS contends the Illinois Workers Compensation Act (IWCA) preempts Galluzzo's claim, because his claim does not adhere to any of the IWCA's exceptions for filing claims against employers. (Doc. 12 ¶¶ 8-9).

The following facts are presumed to be true and are found in Galluzzo's complaint: Galluzzo filed a worker's compensation claim arising out of an incident that occurred on May 21, 2013. Galluzzo's safety manager James Brummett "Brummett"), was responsible for and/or had the authority to interview witnesses in relation to Galluzzo's worker's compensation claim. Brummett obtained statements from some but not all available witnesses and ultimately prepared an Illinois Form 45 indicating he thought the claim appeared fraudulent. Thereafter, on October 30, 2013, Galluzzo was fired. (Doc. 9-1, Ex. A, Complaint, Count I, ¶ 6).

Galluzzo's defamation claim is premised on the allegation that URS falsely "advised the facility at which plaintiff was working that plaintiff had supposedly failed a drug test, preventing him from ever working at that facility, with defendant, or any other employer." (Doc. 9-1, Count II, ¶¶ 8-9). The complaint

does not specify when the Galluzzo learned about the allegedly defamatory statement.[2]

### III. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). To survive a motion to dismiss, a complaint must establish a plausible right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations of the complaint must be sufficient "to raise a right to relief above the speculative level." *Id.*

In making this assessment, the district court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *See Rujawitz v. Martin*, 561 F.3d 685, 688 (7th Cir. 2009); *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007), cert. denied, 553 U.S. 1032 (2008). Even though *Twombly* (and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)) retooled federal pleading standards, notice pleading remains all that is required in a complaint: "A plaintiff still must provide only 'enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible,

---

[2] Allegations in Count I of the complaint indicate that the plaintiff made inquiries regarding the failed drug test. However, it is unclear when the inquiries were made and the allegations pertaining to these inquiries do not definitively demonstrate when the plaintiff knew or should have known the allegedly defamatory statement was made.

rather than merely speculative, that he is entitled to relief.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

It is unusual to dismiss a claim as time-barred under Rule 12(b)(6) because the statute of limitations is an affirmative defense that a complaint need not anticipate or overcome. See Fed. R. Civ. P. 8(c); *Hollander v. Brown*, 457 F.3d 688, 691 n. 1 (7th Cir. 2006). However, the statute of limitations issue may be resolved definitely on the face of the complaint when the plaintiff pleads too much and admits definitively that the applicable limitations period has expired. *See Gypsum*, 350 F.3d at 626 ('A litigant may plead itself out of court by alleging (and thus admitting) the ingredients of a defense....'); *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015) ('if a plaintiff alleges facts sufficient to establish a statute of limitations defense, the district court may dismiss the complaint on that ground.'). However, the Seventh Circuit has cautioned that this approach is appropriate "only where the allegations of the *complaint itself* set forth everything necessary to satisfy the affirmative defense." *Chi. Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613–14 (7th Cir. 2014) (quotations omitted) (emphasis added).

## IV. ANALYSIS

### A. Statute of Limitations

In Illinois, defamation claims have a one year statute of limitations period. *Davis v. Cook County*, 534 F.3d 650, 654 (7th Cir. 2008). The one year statute of limitations begins to run on the date the defamatory information is

published. *Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.*, 61 Ill.2d 129, 131, 334 N.E.2d 161 (1975). Alternatively, Illinois courts may apply the "discovery rule," but only where the defamatory information is hidden, undiscoverable, or unknown. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 435 (7th Cir. 2009). Under the discovery rule, the statute of limitations does not begin to run until the plaintiff knew or reasonably should have known of his injury. *Id. See also Peal v. Lee*, 403 Ill. App. 3d 197, 207, 933 N.E.2d 450, 461 (2010) (The limitations period begins to run when plaintiff discovers a defamatory statement has been made about him, even if he is uncertain of the source of the defamatory statement.).

Here, the complaint alleges URS discharged Galluzzo on October 30, 2013, and advised Galluzzo's employer that Galluzzo failed a drug test. (Doc. 9-1, Count II, ¶¶ 6-9). The complaint further alleges the statement pertaining to the drug test was false and defamatory. (Doc. 9-1, Count II, ¶¶ 6-9). URS argues Galluzzo's cause of action for defamation accrued on October 30, 2013, and accordingly Galluzzo's complaint, filed on October 5, 2015, is outside the applicable one year statute of limitations.

The problem for URS is the complaint itself does not set forth everything necessary to satisfy the statute of limitations defense. Specifically, the complaint does not provide facts sufficient for the Court to determine when Galluzzo discovered URS falsely informed the facility at which he was working that he failed a drug test. URS presumes the date of discovery is October 30, 2013 (the

date Galluzzo's employment was terminated). However, the complaint merely alleges October 30, 2013 was the date of termination. It does not definitively establish that Galluzzo discovered the defamatory statement on October 30, 2013.[3] Accordingly, it is inappropriate for the Court to grant URS' motion to dismiss on statute of limitations grounds. This matter is more properly considered on a motion for summary judgment.

### B. Preemption

The Illinois Worker's Compensation Act (IWCA) provides the exclusive remedy for an employee alleging injuries obtained during the course of employment. 820 ILCS 305/5(a) and 305/11. However, the exclusivity provision does not apply under the following circumstances: (1) the injury was not accidental; (2) the injury did not arise from employee's employment; (3) the injury was not received during employment; or (4) the injury was not compensable

---

[3] Facts have been asserted in the motion to dismiss and in the plaintiff's response that suggest Galluzzo learned of the defamatory statement on or about October 30, 2013. Most notable is the following admission taken from Galluzzo's responsive pleading:

> Plaintiff's employment was thereafter terminated on October 30, 2013 because he had allegedly failed to pass the most recent drug test. When Brummett told plaintiff that he had failed the drug test, plaintiff told him "there is no way" and demanded that a second vial be tested. On October 31, 2013, plaintiff obtained an independent drug test from Anderson Hospital. The Test was completely negative.

(Doc. 17 p. 2). This series of events suggests that Galluzzo may have been aware of the allegedly defamatory statement on or about October 30, 2013. However, that information is not properly before the Court at this time. Moreover, even considering the above information, unresolved fact issues remain: The above facts indicate that Galluzzo was informed he failed a drug test and that Galluzzo felt there was "no way" the results could be correct. However, it does not definitively establish when Galluzzo discovered the allegedly defamatory statement had been relayed to the facility at which he was working (when the allegedly defamatory statement was published). At this time, the Court does not assess Galluzzo's argument that he did not discover the subject statement was false until the date of Galluzzo's unanswered request to examine his test results.

under IWCA." *Hunt-Golliday v. Metro. Water Reclamation Dist. of Greater Chicago*, 104 F.3d 1004, 1016 (7th Cir. 1997).

At issue here is whether the complaint sufficiently alleges Galluzzo's injury was not accidental. Generally, intentional injuries inflicted by an employee are considered accidental. *See Meerbrey v. Marshall Field & Co.,* 564 N.E.2d 1222, 1226 (Ill. 1990). However, intentional injuries inflicted by an employee are not accidental where the employer (1) directed or expressly authorized the employee to commit the intentional act or (2) the employee was acting as an alter ego. *Id.* Here, Galluzzo asserts he intends to proceed under an alter ego theory as to the conduct of his supervisor Bummett.

The Illinois Supreme Court has not specified which employees may act as an alter ego. However, Illinois Appellate Court decisions indicate that a manager or supervisor may be deemed an alter ego if he or she has sufficient decisional or policy-making authority. *See Toothman v. Hardee's Food Systems, Inc.,* 710 N.E.2d 880 (Ill. App. Ct. 1999) (a manager may be considered an employer's alter ego for IWCA purposes if he is given "complete control over and responsibility for" the business); *Johnson v. Federal Reserve Bank,* 557 N.E.2d 328 (Ill. App. Ct. 1990) (allegations supported inference that bank manager was acting as employer's alter ego). In the instant case, Galluzzo has alleged that safety manager James Brummett was acting in a supervisory role and that Mr. Brummett exercised some level of control and/or responsibility for URS. Although Mr. Brummett's supervisory status, standing alone, is likely insufficient to establish

that he was acting as an alter ego for URS, the allegations pertaining to Mr. Brummett's supervisory role at URS are sufficient to survive the motion to dismiss. *See e.g., Jones v. UPS Ground Freight, Inc.,* No. 15 C 7991, 2016 WL 826403, at *2 (N.D. Ill. Mar. 3, 2016) (Feinerman, J.) (summarizing district court opinions holding that allegations pertaining to employee's supervisory or managerial status were sufficient to proceed on alter ego theory at motion to dismiss stage).

### V.   CONCLUSION

For the reasons discussed herein, the Motion to Dismiss (Doc. 12) is **DENIED.**

**IT IS SO ORDERED.**

Signed this 23rd day of June, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.06.23 16:03:44 -05'00'

**United States District Judge**